## Boyer v. Krall

*Lewis, Brubaker, Whitman & Christianson,* for plaintiff.

*H. Rank Bickel, Jr.,* for defendants.

GATES, P. J., July 8, 1969.—On March 12, 1969, plaintiff filed his complaint against defendants. Plaintiff demands judgment for damages in excess of $10,000 by reason of serious injuries he sustained as a result of a collision of his motorcycle with a tractor operated by defendant Eugene Krall as agent, servant, workman, or employe of defendant Melvin Krall.

On March 13, 1969, defendants filed preliminary objections in the nature of a motion to strike off the complaint because of lack of conformity to law or rule of court and in the nature of a motion for a more specific pleading. Defendants contend that the complaint

does not specifically state items of special damages as required by Pennsylvania Rule of Civil Procedure 1019 (f).

Thereafter, the matter was argued, and we have the benefit of briefs from counsel.

Counsel for defendants in his brief asks us to reconsider our holding in Magdule v. Feather, 44 D. & C. 2d 192. In that case, we dealt extensively with the nature of general and special damages, and our opinion in that case reflects our thinking in what must and what must not be specifically pleaded in a complaint. We have given considerable thought to defendants' contentions, but we are of the opinion that the Magdule case ought to be followed.

We suggested in Magdule that any pretrial disadvantage occasioned by so called deficiencies in the pleading can and should be remedied through the judicious employment of the many available discovery proceedings. Defendants disagree with us, suggesting that discovery proceedings are tremendously expensive to litigants. We cannot controvert this, for we have read countless depositions in connection with cases before us. However, most of the expense incurred in deposition taking is because it is employed as a fishing expedition, rather than a factfinding device. Furthermore, the taking of depositions is not the only pretrial discovery device.

In addition, as we pointed out in Magdule, much of this information is already in counsel's files or can be obtained by a simple telephone call to opposing counsel. If the profession does not recognize its obligation to disclose material facts in a case without incurring great expense, it will herald the day of legislative reform in that area. However, the mere fact that discovery proceedings may be expensive does not in any way affect the legal issues or the meaning of general and special damages.

Counsel for defendants also suggests that pretrial discovery proceedings result in unjustifiable delays in getting the case on the trial list. Again, this is a problem of professional ethics and courtesy and is no reason to prostrate the plain meaning of the law.

Finally, counsel suggests that discovery proceedings were never intended to supersede proper pleading requirements. The statement of the contention, of course, begs the answer. We agree with the contention but disagree with counsel's concept of what are proper pleading requirements.

We will now direct our attention to the specific complaints in this case.

Counsel for defendants extracts a sentence from the ninth paragraph of plaintiff's complaint and argues that it is so general and vague as to be meaningless. However, when read in context, it takes on a plain meaning. Plaintiff, in paragraph 9, avers that:

"By reason of the negligence of the said Defendants, the Plaintiff suffered a comminuted depressed fracture of the right frontal bone of the skull, multiple fractures of the pelvis, multiple lacerations, a blow-out fracture of the floor of the right orbit, fracture of the right lateral wall of the maxilliary antrim, fracture of the zygomatic arch, fracture of the right distal tibia and fibula, fracture of the left carpal navicular bone, marked contusion of the left groin and scrotum, which resulted in severe atrophy of the left testicle and excision of the testicle; together with a severe shock to his nerves and nervous system; by reason of which he was rendered sick, sore, lame, prostrate and disordered and was made to undergo great mental anguish and physical pain, as a result of which he has suffered, yet suffers, and will continue to suffer for an indefinite time in the future."

In light of the injuries alleged, it is difficult to conceive how more specifically plaintiff could explain that

he experienced a nervous shock and that his nervous system was affected by the injuries. Any further detail would be evidentiary and explanatory. Plaintiff has stated facts and is specific enough to inform defendants of the nature of his injuries.

Defendants complain of paragraph 11, which reads as follows:

"By reason of the occurrance (sic) above described, the plaintiff has been unable to follow his usual occupation, and will be unable to follow the same for an indefinite time in the future, and he has thereby lost the emoluments which would have come to him through employments."

Defendants' objection is that this language is vague, and the damages resulting therefrom are obscure. There is the oblique suggestion here, as in the Magdule case, that the complaint disclose when and where plaintiff was employed, doing what, and how much he was earning before and how much he was earning after the accident. We can only reiterate what we said in Magdule that this is evidence, and evidence need not be pleaded. From a statement of the injuries in the complaint, it is only natural, reasonable, and probable that plaintiff was hospitalized; that he incurred medical expenses; that he suffered a loss of earning power; and that he experienced pain and suffering. These are general damages naturally flowing from the injuries described. Plaintiff need not be more specific, and any itemizations of damages in terms of amounts are but evidence and not a statement of the true measure of damages.

We are aware that there are conflicting opinions among the various district courts in Pennsylvania. We are aware that some of them compel plaintiffs to plead the out of pocket expenses. As we noted in Magdule, we disagree, and we still do. Out of pocket expenses are not the measure of damages, unless they

are fair and reasonable. For example, a plaintiff is not entitled to damages for goldplated crutches or for hospital suites not necessary under the circumstances. This is so, even though he may actually have incurred these expenses. Furthermore, it is the loss of earning power and not the actual loss of earnings that constitutes the measure of damages, and any further facts in connection with it are mere evidence of what those damages are. We repeat what we said in Magdule that Pa. R. C. P. 1019 (f) does not require that these facts be specifically set forth in the complaint.

Therefore, after careful consideration of defendants' preliminary objections, we will make the following

### ORDER

And now, to wit, July 8, 1969, defendants' preliminary objections are dismissed, and leave is granted to defendants to answer the complaint within 30 days of the date of this order.